NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3069

GEORGE L. BROOKS,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

George L. Brooks, of Meridian, Mississippi, pro se.

Robert C. Bigler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General; Jeanne E. Davidson, Director, and Bryant G. Snee, Assistant Director. Of counsel was Major Erin Bree Wirtanen, Air Force Legal Services Agency, General Litigation Division, United States Air Force, of Arlington, Virginia.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3069

GEORGE L. BROOKS,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

_____

DECIDED: May 14, 2007

_____

Before MICHEL, <u>Chief Judge</u>, BRYSON, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

George L. Brooks seeks review of the final decision of the Merit Systems Protection Board, Docket No. DA-0752-06-0260-I-1, dismissing, for lack of jurisdiction, his appeal from an alleged involuntary retirement. We <u>affirm</u>.

## BACKGROUND

Mr. Brooks was employed by the Air Force as a GS-6 Mail Supervisor at Sheppard Air Force Base in Texas. In 2002, his position was eliminated due to a reduction in force. As a result, Mr. Brooks was initially transferred to a GS-4 position as a Transportation Clerk. As his handwritten notes on the transfer documentation

indicate, Mr. Brooks accepted that position "under duress." Shortly thereafter the Air Force located another GS-6 position for Mr. Brooks, this time as a Contract Services Monitor.

On June 15, 2003, all Contract Services Monitor positions at Sheppard Air Force Base, except for Mr. Brooks's position, were upgraded to GS-7 or GS-8 positions. Mr. Brooks filed a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") challenging the fact that his position was left as a GS-6 position. The agency responded that Mr. Brooks's position was not upgraded because Mr. Brooks was not performing at a GS-6 level. The record reflects that Mr. Brooks received an unacceptable performance rating for the period between April 1, 2003, and March 31, 2004, and that he was placed on a Performance Improvement Plan ("PIP") on July 13, 2004.

On August 9, 2004, before the completion of his PIP, Mr. Brooks submitted his retirement application and requested that his retirement begin on September 30, 2004. He did not actually retire until October 31, 2004. When submitting his retirement paperwork, Mr. Brooks indicated that he was retiring voluntarily "to collect retirement benefits."

Following his retirement, Mr. Brooks amended his EEOC complaint to add a constructive discharge claim. He alleged that he had retired involuntarily and that his retirement was the result of discriminatory actions by the agency. Because the EEOC has no jurisdiction over "mixed cases" involving both adverse agency action and discrimination claims, the EEOC sent the matter back to the Air Force for a final decision. The Air Force subsequently dismissed Mr. Brooks's constructive discharge

claim as well as his discrimination claims. Mr. Brooks appealed that decision to the Board.

On May 2, 2006, the administrative judge to whom the case was assigned held a hearing. Mr. Brooks testified that after he was placed on the PIP his supervisors and co-workers watched his work closely and that he was assigned work he could not complete within the time allotted. He indicated that he felt it was only a matter of time before his supervisor would find something on which to base a removal action, and Mr. Brooks therefore felt the best thing for him to do was to retire. He stated that "If you can retire, then retirement is your best bet, though you may feel it was a forced retirement." He also stated that having not been upgraded to a GS-7 and being placed on a PIP factored into his decision to retire, but that he believed that those actions were motivated by discrimination. Mr. Brooks also conceded that he had difficulty performing some of the duties of his position, that he felt that "this job was not for him," and that he thought it was "highly unlikely" that he could sustain one year of acceptable performance even if he successfully completed the PIP. Mr. Brooks testified that those factors also affected his decision to retire.

An agency personnel officer stated that the retirement forms gave employees the opportunity to make comments, and that other employees had noted that their retirements were involuntary. Mr. Brooks claimed that he was not aware of that option. The personnel officer stated that if Mr. Brooks had been unsuccessful on his PIP the agency would have looked for positions in which he could be successful. The agency did not do that, the personnel officer said, because Mr. Brooks opted to retire instead of completing his PIP.

The administrative judge evaluated the evidence and concluded that Mr. Brooks had failed to show that his working conditions had become so intolerable that a reasonable person in his position would have felt compelled to retire. The administrative judge further noted that the fact that an employee is confronted with the choice of retiring or waiting for a possible removal does not mean that the decision to retire is involuntary. Finding that Mr. Brooks had failed to show that his retirement was involuntary, the administrative judge held that the Board lacked jurisdiction over Mr. Brooks's case. The administrative judge further held that, lacking jurisdiction over the discharge claim, the Board could not address the merits of the discrimination claims. The administrative judge dismissed the case for lack of jurisdiction, and that decision became final when the full Board denied review.

DISCUSSION

Mr. Brooks argues that the Board erred when it concluded that it lacked jurisdiction because he failed to show that his retirement was involuntary. He also claims that he suffered discrimination (1) when his position was subjected to a reduction in force, (2) when he was the only Contract Services Monitor left at the GS-6 level, and (3) when he was placed on a PIP. Last, he claims that he was unlawfully denied certain procedural notices after the Board dismissed his case for lack of jurisdiction.

1. A decision to retire is presumed to be voluntary, and the Board lacks jurisdiction over cases involving voluntarily retirements. Cruz v. Dep't of the Navy, 934 F.2d 1240, 1244 (Fed. Cir. 1991) (en banc). To establish Board jurisdiction, the employee must prove, by a preponderance of the evidence, that his retirement was involuntary and thus was tantamount to a forced removal. Garcia v. Dep't of Homeland

<u>Sec.</u>, 437 F.3d 1322, 1330 (Fed. Cir. 2006) (en banc). Employees have sought to show that retirements were involuntary by showing that that the retirement was the product of misinformation, deception, or coercion by the agency. <u>Staats v. United States Postal Serv.</u>, 99 F.3d 1120, 1124 (Fed. Cir. 1996). Mr. Brooks alleges coercion.

The proper test for evaluating allegations of coercion is an objective one that considers the totality of the circumstances. <u>Garcia</u>, 437 F.3d at 1330. "The employee must establish that a reasonable employee confronted with the same circumstances would feel coerced into resigning." <u>Id.</u> "In applying this objective test, our case law has also emphasized that freedom of choice is a central issue." <u>Id.</u> If an employee decides to retire because "he does not want to accept a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant for the employee that he feels that he has no realistic option but to leave," that decision is still voluntary. <u>Id.</u>, quoting <u>Staats</u>, 99 F.3d at 1124. To prove coercion, the employee must show "(1) the agency effectively imposed the terms of the employee's resignation or retirement; (2) the employee had no realistic alternative but to resign or retire; and (3) the employee's resignation or retirement was the result of improper acts by the agency." <u>Id.</u>, quoting <u>Shoaf v. Dep't of Agric.</u>, 260 F.3d 1336, 1341 (Fed. Cir. 2001).

In this case, the Board had ample evidence from which it could conclude that the agency did not create circumstances that would cause a reasonable employee in Mr. Brooks's position to feel coerced to retire. Mr. Brooks relies on the agency's failure to upgrade his position and his treatment while on the PIP to establish his coercion claim. The agency asserts that these actions were the results of Mr. Brooks's poor job

performance. Mr. Brooks's testimony about his performance provided support for that assertion. During the Board hearing, Mr. Brooks said (1) that he thought it was only a matter of time before his supervisor could show that he should be removed, (2) that he had difficulty performing some of the duties of his position, (3) that he felt his "job was not for him," and (4) that he felt he could not sustain acceptable performance for a year. In light of that evidence, the Board could conclude that it was proper for the agency to leave Mr. Brooks in a GS-6 position and place him on a PIP. The fact that Mr. Brooks found the situation to be sufficiently unpleasant that he preferred to retire does not make his retirement legally involuntary. See Garcia, 437 F.3d at 1330.

Additionally, there was evidence that the agency would not have removed Mr. Brooks even if he had failed to adequately perform his job. The personnel officer stated that in the event Mr. Brooks continued to perform unsatisfactorily the agency would have sought other positions for him. Mr. Brooks preempted that option when he retired rather than choosing to "stand pat and fight." Garcia, 437 F.3d at 1330, quoting Christie v. United States, 518 F.2d 584, 587 (Ct. Cl. 1975). Accordingly, Mr. Brooks failed to show that that he had no realistic alternative but to retire or to demonstrate that the agency took any improper actions. The Board was therefore correct to hold that it had no jurisdiction over this mixed case. Because "the Board may not reach discrimination issues in mixed cases unless jurisdiction is established with respect to the adverse action alleged," the Board was also correct to refrain from addressing any of Mr. Brooks's discrimination claims. Garcia, 437 F.3d at 1325.

2. Mr. Brooks asserts that he was not given notice that he could have the EEOC or a district court review the Board's decision under 5 U.S.C. § 7702 and 5 C.F.R.

§ 1201.151. Mr. Brooks, however, was not entitled to such notice. Where, as here, the Board did not have jurisdiction because there was never an appealable adverse agency action, there is no requirement that the Board give notice regarding EEOC or district court review of the decision under section 7702. Cruz, 934 F.2d at 1244.

Mr. Brooks also argues that the agency failed to notify him, as required by 29 C.F.R. § 1614.302, of his right to renew his discrimination case. That regulation states, in pertinent part:

> If a person files a mixed case appeal with the MSPB instead of a mixed case complaint and the MSPB dismisses the appeal for jurisdictional reasons, the agency shall promptly notify the individual in writing of the right to contact an EEO counselor within 45 days of receipt of this notice and to file an EEO complaint, subject to § 1614.107. The date on which the person filed his or her appeal with MSPB shall be deemed to be the date of initial contact with the counselor.

The problem with that argument is that this is not the proper proceeding in which to complain about the agency's failure to provide such a notice. That issue would become ripe only if Mr. Brooks sought to pursue further review of his discrimination claim and were denied the right to do so because of an untimely filing. In such event, any failure by the agency to give him the mandated notification of his review rights could be addressed in the new review proceeding. The notification requirement has no effect on the Board's decision in this case, which is all that is before us in this appeal. For the foregoing reasons, we affirm the Board's decision dismissing Mr. Brooks's appeal.